James S. HAMILTON, Appellant,

v.

Robert S. GOODSON, Appellee.

No. 17283.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 8, 1979.

Robert M. Collie, City Atty., David Lee Crawford, Houston, for appellant.

C. Ed Carrithers, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment for property damage arising out of an automobile collision. The case was tried to the court without a jury. Findings of fact and conclusions of law were filed. A judgment was entered for the plaintiff. The judgment will be reversed.

The principal issue to be determined on this appeal is whether this suit was "commenced and prosecuted within two years after the cause of action shall have accrued" as provided in Article 5526, V.A.T.S. The trial court found as a fact that Robert S. Goodson, the plaintiff, exercised due diligence in requesting that citation issue and in obtaining service on the defendant, James S. Hamilton. We conclude that the evidence establishes lack of diligence in obtaining service as a matter of law.

This suit arose out of a motor vehicle accident which occurred on February 1, 1975. Suit was filed on December 27, 1976, at which time service of citation was properly requested. The citation was issued on December 28, 1976. This citation was returned unserved and bears the file mark April 4, 1977. The officer's return bears the notation "unable to locate defendant in time".

An alias citation was issued on October 12, 1977. It reflects that service was obtained upon the defendant on October 20, 1977. The original citation gave the defendant's address as being 5027 Yellow-

stone, Houston, Texas. The alias citation gave his address as being c/o Police Garage, 6100 Riesner Street, Houston, Texas.

 The mere filing of a suit will not interrupt or toll the running of a statute of limitations. In order to interrupt the statute diligence must be used in procuring the issuance and serving of the citation. *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180 (Tex.1970). The plaintiff must exercise reasonable diligence to secure the issuance of citation and its service upon the defendant in order to interrupt the statute. *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628 (1958). The standard by which diligence is measured is that of an ordinarily prudent person under the same or similar circumstances. *McGuire v. Federal Deposit Insurance Corporation*, 561 S.W.2d 213 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ).

This suit was filed a little more than a month before it would have been barred by the two year statute of limitations. Citation was promptly issued and the constable was furnished with an address which testimony shows was believed to be the correct address of the defendant. The limitation period had elapsed when the constable returned the citation unserved. Six and one-half months elapsed between the date for service on the original citation and the date on which the alias citation was issued. The attorney for the plaintiff testified that he ordinarily checked on a case which he had filed sixty to ninety days after the filing date. He testified that in this case apparently his secretary checked and discovered that the citation had not been served. In mid-July he requested his client to locate a current business or work address. He was furnished an address in August. The alias citation was requested in October.

The attorney also testified that he frequently used information obtained from the police report on an accident in preparing the plaintiff's petition. He agreed that his client had furnished him such a report. A copy of this report was introduced into evidence and it reflected that the defendant's home address was 5006 Yellowstone and that his business address was 61 Riesner Street. It also reflected that the defend-

ant's occupation was that of a mechanic. This information was not given to the officer attempting to serve the original citation. The defendant testified that 5006 Yellowstone was his home address and that 61 Riesner Street was his business address at the time of the accident and continued to be his home and work addresses to the time of the trial.

 There is no evidence that the plaintiff exercised diligence in procuring the issuance and service of citation after the original citation was returned. The reasonableness of the plaintiff's delay in procuring the issuance and service of citation is usually a question of fact, but if no explanation consistent with due diligence is offered, its reasonableness cannot be factually determined. The unexplained delay in seeking the issuance of the alias citation for a period in excess of six months is, as a matter of law, not due diligence in procuring the issuance and service of citation. *Williams v. Houston—Citizens Bank and Trust Co.*, 531 S.W.2d 434 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ ref'd n. r. e.).

The judgment is reversed and judgment is here rendered that the plaintiff Robert S. Goodson, and the real party of interest, American Indemnity Company, recover nothing against James S. Hamilton.