**Sherry SANCHEZ, Appellant,**

v.

**PROVIDENCE MEMORIAL HOSPITAL, Appellee.**

No. 08–84–00157–CV.

Court of Appeals of Texas, El Paso.

Oct. 24, 1984.

L. Taylor Zimmerman, El Paso, for appellant.

Randolph H. Grambling, Malcolm Harris, Grambling & Mounce, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Sherry Sanchez appeals from a summary judgment entered in a medical malpractice case upon a plea of the two-year statute of limitations. We affirm.

The Appellant initially filed suit against Dr. Gilbert Rosas who administered anesthesia when she gave birth by caesarean section on April 8, 1978. On March 11, 1980, she gave written notice to Appellee of her intention to join the hospital as a codefendant. Tex.Rev.Civ.Stat. art. 4590i, sec. 4.01(a). This had the effect of tolling the applicable statute of limitations for a period of seventy-five days. Tex.Rev.Civ.Stat. art. 4590i, sec. 4.01(c). On May 20, 1980, Appellant filed her amended petition naming Providence Memorial Hospital as a defendant. No citation was issued until January 18, 1983, and it was served the next day.

The motion for summary judgment asserts the Appellant's cause of action was barred by the statute of limitations as a matter of law. It is contended that since citation was not served until thirty-two months after the petition was filed, diligence was not exercised and limitations continued to run even though the petition was timely filed. We agree.

The mere filing of the law suit does not toll the statute of limitations. A party must exercise due diligence in procuring the issuance and service of citation. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180 (Tex.1970); *Hamilton*

v. *Goodson,* 578 S.W.2d 448 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Rule 99, Tex.R.Civ.P., provides that when a petition is filed with the clerk, he shall properly issue such citations for the defendants as shall be requested by any party or his attorney. The affidavit of Louie E. Zimmerman states that he filed the plaintiff's first amended original petition and that he requested that citation be issued for Providence Memorial Hospital. Thus, diligence was shown at the time the amended petition was filed. But, the lengthy delay shows a lack of diligence thereafter. The Appellee has shown that a period of thirty-two months passed between the time the amended petition was filed and the time citation was served. Our courts have consistently held even shorter times to establish a lack of diligence as a matter of law. *Rigo Manufacturing Company v. Thomas, supra* (17½ months); *Hamilton v. Goodson, supra* (6½ months); *Williams v. Houston-Citizens Bank and Trust Company,* 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7 2/3 months); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd) (8 1/3 months).

Certainly counsel knew that if citation was issued as requested the citation had to be served within ninety days. Rule 101, Tex.R.Civ.P. When at the end of that time period no answer had been filed, it became incumbent upon him to request a new citation and perhaps make inquiry as to why citation had never been served. Yet, another two years and five months passed with nothing done to perfect service on the hospital.

Although Appellant argues that he believed the hospital had been served because of the conduct of its counsel, we find nothing in the record to support such a belief. In fact, the record reflects otherwise. Plaintiff's interrogatories were sent to Providence Memorial Hospital in April, 1982; the record reflects no response was ever made by the hospital. Certainly this must have caused counsel concern as to why a timely response was not made to this discovery procedure. The Appellant's single point of error complaining that the trial court erred in granting the motion for summary judgment is overruled.

The judgment of the trial court is affirmed.