**Belinda VALDEZ, Appellant,**

v.

**CHARLES ORSINGER BUICK COMPANY, Appellee.**

**No. 9471.**

Court of Appeals of Texas, Texarkana.

July 15, 1986.

Arthur G. Vega, Hardberger & Vega, San Antonio, for appellant.

Nolan Welmaker, San Antonio, for appellee.

CORNELIUS, Chief Justice.

Belinda Valdez appeals from a summary judgment granted Charles Orsinger Buick based upon a plea of limitations. The question we must decide is whether Valdez's response to the motion for summary judgment raised an issue of material fact concerning her diligence in having citation issued and served, thus making summary judgment improper.

On August 6, 1982, Orsinger Buick permitted Samir Ghankani to test drive a used car without a salesman along to supervise. Ghankani lost control of the car and struck a parked car which rolled onto the sidewalk and over Valdez. On August 1, 1984, five days before the statute of limitations would run, Valdez filed suit against both Ghankani and Orsinger Buick. Citation by publication was timely served on Ghankani, but citation was not served on Orsinger Buick until April 1, 1985, eight months after the statute of limitations had run. Orsinger Buick pleaded limitations and later moved for and was granted summary judgment based upon that plea.

The statute of limitations is not tolled by merely filing suit. To toll the statute, the plaintiff must file suit within the limitation period and must also use diligence in having citation issued and served. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975); *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180 (Tex.1970); *Jones v. Huffaker*, 701 S.W.2d 935 (Tex.App.—Beaumont 1985, no writ); *Dura-Stilts Co. v. Zachry*, 697 S.W.2d 658 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The degree of diligence required is that which would be employed by an ordinary prudent person under the same or similar circumstances. *Reynolds v. Alcorn*, 601 S.W.2d 785 (Tex. Civ.App.—Amarillo 1980, no writ); *Hamilton v. Goodson*, 578 S.W.2d 448 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ).

The existence of diligence is usually a question of fact, but if no excuse is offered, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Liles v. Phillips*, 677 S.W.2d 802 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Hamilton v. Goodson*, supra; *Williams v. Houston-Citizens Bank & Trust Co.*, 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); *see also, Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981).

Summary judgment is permitted only if the movant conclusively establishes that there is no genuine issue of material fact

128

and that he is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972); *Hudson v. Arkansas Louisiana Gas Co.,* 626 S.W.2d 561 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.). All evidence and reasonable inferences favorable to the nonmovant will be taken as true and all doubts will be resolved in his favor. *Wilcox v. St. Mary's University of San Antonio,* supra.

In affidavits attached to Valdez's written response opposing summary judgment the main secretary for her counsel's law firm states that before the firm filed the petition she called the clerk's office and asked what the filing fee would be and was told it would be $78.00, so she wrote a check for $78.00. The messenger for the firm stated that he filed the petition and gave the clerk the $78.00 check assuming that it covered citation for both defendants. An employee in the clerk's office stated that she had numerous dealings with the law firm and that in her opinion the clerk did not ask the messenger if he wanted to serve both defendants but assumed that only one citation was to be issued. Valdez's attorney stated that his law clerk handled all work on the case until the clerk left in late 1984, and that after that he became more familiar with the file and monitored its status. In January of 1985 he discovered Orsinger Buick had not been served with citation, so he called the sheriff's department who gave him various unsatisfactory answers why citation had not been served until finally telling him to talk to the clerk's office. After he talked at different times with different people in the clerk's office he was finally told that the citation fee to serve Orsinger Buick had not been paid. He then paid the fee and Orsinger Buick was served shortly thereafter.

■ In the cases finding lack of diligence as a matter of law, either *no explanation* was offered for the delay in issuing and serving citation, or the excuse given was one which affirmatively established lack of reasonable diligence. *See Sanchez v. Providence Memorial Hospital,* 679 S.W.2d 732 (Tex.App.—El Paso 1984, no writ); *Liles v. Phillips,* supra; *Reynolds v. Alcorn,* supra; *Hamilton v. Goodson,* supra; *McGuire v. Federal Deposit Insurance Corp.,* 561 S.W.2d 213 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Allen v. Bentley Laboratories, Inc.,* 538 S.W.2d 857 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *Williams v. Houston-Citizens Bank & Trust Co.,* supra; *Green v. Steigerwald,* 468 S.W.2d 122 (Tex.Civ.App.—Tyler 1971, no writ); *Rigo Manufacturing Company v. Thomas,* supra; *Klemm v. Schroeder,* 204 S.W.2d 675 (Tex.Civ.App.—San Antonio 1947, no writ); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd). We find the explanation offered in this case to be sufficient to raise a fact issue as to whether Valdez exercised reasonable diligence. Orsinger Buick produced no summary judgment evidence tending to refute the truth or the reasonableness of Valdez's explanation. Thus, it did not meet its burden to conclusively establish the bar of limitations, and summary judgment was improper. *Beavers v. Darling,* 491 S.W.2d 711 (Tex.Civ.App.—Waco 1973, no writ); *Ellis v. Great Southwestern Corp.,* supra.

For the reasons stated, the judgment is reversed and the cause is remanded for trial.