



# MEMORANDUM OPINION

No. 04-09-00827-CV

Carla **CAMPBELL**,
Appellant

v.

**ABRAZO ADOPTION ASSOCIATES**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-19060
Honorable Solomon  Casseb, III, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   July 7, 2010

AFFIRMED

Carla Campbell appeals the granting of a summary judgment in favor of Abrazo Adoption Associates. In one issue, Campbell contends the trial court erred in granting summary judgment on statute of limitations grounds because a fact issue exists as to whether Campbell exercised due diligence in obtaining service of citation on Abrazo. We affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Abrazo placed an infant with Campbell for adoption on December 30, 2002. When Campbell became aware that the baby had Hirschspring's disease, she sued Abrazo for violations of the Texas Deceptive Trade Practices Act ("DTPA"), as well as various common law causes of action. In a prior appeal, this court affirmed the trial court's granting of summary judgment on Campbell's common law claims and remanded her DTPA claim to the trial court. *See Campbell v. Abrazos Adoption Assocs.*, No. 04-07-00093-CV, 2007 WL 3271608, at *8 (Tex. App.—San Antonio 2007, pet. denied).

On remand, Abrazo filed a motion for summary judgment as to Campbell's DTPA claim based on statute of limitations. In its motion for summary judgment, Abrazo argued that, as a matter of law, Campbell did not exercise due diligence to have citation served on Abrazo within the two-year statute of limitations.

It is undisputed that Abrazo placed the child with Campbell on December 30, 2002, and that Campbell discovered the child had Hirschspring's disease on January 4, 2003. Thus, the two-year statute of limitations ran on January 4, 2005. Campbell filed suit within the two-year limitations period on December 29, 2004. Abrazo was not served with citation, however, until March 30, 2005, approximately three months after suit was filed.

The motion for summary judgment filed by Abrazo included as an attachment Campbell's responses to interrogatories. In response to an interrogatory inquiring into Campbell's efforts to serve Abrazo with citation, Campbell answered the following:

> Petition in this suit was filed on December 29, 2004. Prior to the filing of said Petition, counsel for Plaintiff had terminated his office personnel. As such the service of the citation on Defendant was not followed up in a prompt manner. New legal assistance in the office of counsel for Plaintiff was hired in February 2005 and was not aware of the pending service of citation until March 2005,

at which time prompt pick up and service on the citation was coordinated. Said citation was executed within one week of pick up from the Court.

Campbell's response to the motion for summary judgment included her attorney's affidavit:

I filed the lawsuit on December 29, 2004. At that time service was requested from the Bexar County District Court. I requested private process at the time of filing. Generally it takes the clerk up to one week to prepare the citation, excluding holidays.

Usually my secretary notifies our process server to pick up the process from the clerk's office directly. At this time I terminated my secretary without realizing the process server had not been told to pick up the process. Generally if process is not picked up within seven (7) business days, the clerk would call my office to advise me. In this case this was not done. I have found it reasonable to rely on the clerk's office to notify me of any citation that has not been picked up.

When my new employee began work on or about March 1, 2005, the computer tickler system indicated a statute of limitations had passed. I was approached and asked the employee to follow up on the case to determine the status. It was determined that service had not been picked up from the clerk's office on or about March 17, 2005. It was at time [sic] I contacted the process server to pick up the process.

The process was picked up March 24, 2005, and served March 30, 2005.

After considering the summary judgment evidence, the trial court agreed with Abrazo and granted summary judgment. Campbell brings this appeal.

## STANDARD OF REVIEW

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any

doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

**STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSE**

As a general rule, a plaintiff must "bring suit" within the applicable statute of limitations period. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.). In order to "bring suit," the plaintiff must file a petition within the limitations period and use due diligence in obtaining service of citation on the defendant. *Gant*, 786 S.W.2d at 260; *Zacharie*, 94 S.W.3d at 754. When the plaintiff files suit within the limitations period, but does not serve the defendant until after limitations has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant*, 786 S.W.2d at 260; *Zacharie*, 94 S.W.3d at 754. Due diligence is usually a question of fact that is "determined by a two-prong test: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie*, 94 S.W.3d at 754 (quoting *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied)). "A lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service or 'if the lapse of time and

the plaintiff's acts, or inaction, conclusively negate diligence.'" *Zacharie*, 94 S.W.3d at 754 (quoting *Rodriguez*, 13 S.W.3d at 49). "Even if an explanation is offered, a lack of diligence can be found if the explanation affirmatively establishes a lack of diligence." *Id.* "The explanation must involve diligence in seeking service of process." *Id.*

Once a defendant has affirmatively pled the defense of limitations and shown that service was obtained after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). The plaintiff must, therefore, present evidence of efforts it made to serve the defendant and explain every lapse in effort or period of delay. *Id.* If the plaintiff's explanation is legally improper to raise the diligence issue, the defendant will bear no burden. *Id.* Or, the plaintiff's explanation may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *Id.* If the plaintiff's explanation for the delay raises a material fact issue concerning diligence, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff's explanation is not sufficient. *Id.* The standard of due diligence is based on the care that an ordinary prudent person would have used under the same or similar circumstances from the date the suit was filed until the date it was served. *Id.*

## DISCUSSION

Relying on the summary judgment evidence, Campbell maintains that she raised a fact issue as to whether she exercised due diligence in effecting service on Abrazo. Specifically, Campbell points to her interrogatory response and her attorney's affidavit, claiming that they explain her exercise of due diligence. In her brief, Campbell sums up the explanation she offered: "A responsible employee had been terminated. Upon employment of a new employee the failure to serve was determined and executed within two weeks of the discovery." Further,

Campbell claims that "[t]he lawsuit was not picked up from the clerk's office due to miscommunication on behalf of the Plaintiff's attorney, the process server, and the court clerk." Thus, it is apparent Campbell's excuse is that, after suit was filed, her attorney terminated his secretary, resulting in the process server failing to pick up citation from the clerk's office. That fact, together with the failure of the clerk's office to notify the attorney that citation had not been picked up, caused service of citation to be delayed for approximately three months.

Also in her brief, Campbell primarily relies on *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 128 (Tex. App.—Texarkana 1986, no writ), in which the plaintiff's excuse for delay was held to raise a fact issue. Campbell contends the Texarkana court in *Valdez* dealt with an explanation similar to the one offered in this case. In that case, the plaintiff sued two defendants, but because he mistakenly paid for service only on one defendant, the other was not served until eight months later. *Id.* at 127. In defending against the summary judgment motion, the plaintiff offered affidavits of the plaintiff's attorney's secretary, the firm's messenger who filed the petition, an employee in the clerk's office, and the plaintiff's attorney to explain a series of misunderstandings and miscommunications that resulted in the failure to timely serve one of the defendants. *Id.* at 128. The Texarkana court held the explanation to be sufficient to raise a fact issue as to whether Valdez had exercised reasonable diligence. *Id.* That case is distinguishable, however, from the facts presented here because, in the case before us, Campbell's explanation demonstrates not a series of misunderstandings and miscommunications, but rather a three-month period of inaction during which no steps were taken to ensure service was effected.

In its brief, Abrazo relies on *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47 (Tex. App.—San Antonio 1999, pet. denied), in support of its assertion that Campbell did not exercise due diligence. In *Rodriguez*, this court held that the plaintiff's explanation for delay in service

was an invalid excuse. *Id.* at 51. According to this court, although the plaintiff's attorneys explained that they did not request service when they filed suit because they intended, as a matter of professional courtesy, to contact the defendant to obtain a waiver of service, they never did so, which resulted in delayed service of process. *Id*. This court distinguished *Rodriguez* from the Texarkana court's opinion in *Valdez*, explaining that while *Valdez* involved a miscommunication between the law firm and the clerk's office, *Rodriguez* involved "*inactivity* or complete failure to attempt service." *Id.* (emphasis in original). This court went on to explain that the scenario before it did not involve fact issues on diligence because "there are no efforts from which to evaluate the reasonableness or diligence of the actor." *Id.* We agree with Abrazo that Campbell's excuse is similar to the excuse offered in *Rodriguez*, in that it involved *inactivity*, rather than the excuse offered in *Valdez*, which involved a series of miscommunications and misunderstandings among those involved in the process of serving citation on the defendant. Inactivity amounts to a lack of due diligence.

Indeed, the excuse for delayed service offered by Campbell is similar to the excuse offered in *Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 WL 88625, at *2 (Tex. App.—San Antonio 1998, pet. denied), in which the plaintiff's attorney blamed her former assistant for not effecting service in a timely manner. According to the plaintiff's attorney, when she filed suit, she asked her legal assistant to contact a process server. *Id.* Further, she requested and paid for service of citation, and citation was issued. *Id.* The plaintiff's attorney stated that she then assumed that the defendant had been served until she discovered eight months later that it had not. *Id.* The plaintiff's attorney explained that during that eight month period, she lost contact with the plaintiff, her legal assistant left her employ, and she moved her office. *Id.* It was only when she reestablished contact with the plaintiff that she discovered service had not been

completed. *Id.* This court held the plaintiff's excuse to be invalid to raise a fact question on the issue of due diligence. *Id.* at *3. Specifically, this court stated that reliance upon an employee to ensure service of citation is not due diligence as a matter of law. *Id.* In doing so, this court emphasized that the plaintiff's "attorney was the party responsible for ensuring that service was accomplished and that service was properly reflected in the record." *Id.* Reliance on an employee or process server does not constitute due diligence "because any erroneous assumption does not constitute excuse for delay in service of citation." *Id.*

Campbell's offered excuse for delay in obtaining service on Abrazo is similar to that offered in *Jennings* because Campbell places responsibility, not on her attorney, but rather on the secretary (or, more accurately, lack of a secretary) and on the failure of the clerk's office to advise her attorney that service of process had not been picked up by the process server. Further, Campbell's excuse is based on her attorney's assumption that the process server had picked up the service of citation from the clerk's office, rather than on her attorney's diligence in attempting to effect service on Abrazo. As we stated in *Jennings*, an erroneous assumption does not constitute an excuse for delay in effecting service. *Id.* Also, our court has held that the failure of the clerk's office to notify plaintiff's counsel that a citation is ready to be picked up is not a valid explanation for delay. *Zacharie*, 94 S.W.3d at 754. It is "an invalid explanation of delay" and, "like no explanation for delay, constitutes lack of diligence as a matter of law." *Id.*; *see also Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (holding reliance on process server does not constitute due diligence as a matter of law).

We conclude that Campbell's explanation for delayed service of process on Abrazo demonstrates a lack of due diligence as a matter of law. Campbell has offered no evidence of any

activity during the three-month period of time between filing suit and obtaining service to show any attempt to effect service on Abrazo. Instead, her explanation places responsibility on office staff (or lack thereof), the clerk's office, and assumptions.

We affirm the trial court's judgment.

Karen Angelini, Justice