# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00055-CV

**Paula Villanueva, Appellant**

**v.**

**McCash Enterprises, Inc. d/b/a Comet Cleaners and Comet Cleaners, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2012CVA0179, HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Paula Villanueva appeals from the trial court's grant of summary judgment in favor of appellees McCash Enterprises, Inc. d/b/a Comet Cleaners and Comet Cleaners based upon the statute of limitations. The one issue on appeal is whether a genuine issue of material fact exists concerning Villanueva's use of due diligence in having the citation in this case issued and served, thus making summary judgment improper. Because we conclude that Villanueva raised no genuine issue of material fact to support a finding of due diligence, we affirm the trial court's judgment.

### BACKGROUND

Paula Villanueva sued appellees, her employers, for negligence after she was injured at work on March 11, 2010. She filed suit on March 7, 2012, and the clerk prepared and mailed the citation of the case to Villanueva's attorney on the following day. Her attorney mailed the citation to the process server on July 19, 2012, and appellees were served on August 6, 2012.

Appellees filed a motion for summary judgment asserting the affirmative defense of statute of limitations. They contended that they were entitled to summary judgment because they were not served until four months after the statute of limitations had expired, as evidenced by the citation issued and served. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (personal injury claim governed by two-year statute of limitations). Villanueva filed a response in which she claimed that she acted with due diligence to serve the citation, but that service was delayed due to a turnover of staff at her attorney's law firm. As evidence, Villanueva included an affidavit from her attorney's office manager. The office manager averred: (i) on March 9, 2012, the legal secretary responsible for ensuring the delivery of the citation left her employment with Villanueva's law firm, (ii) a different legal secretary was hired for the firm on March 14, 2012, (iii) on June 29, 2012, this legal secretary also ceased to be employed by Villanueva's firm, and (iv) on June 30, 2012, an attorney handling Villanueva's case left his employment at the firm. The evidence also included a letter dated July 19, 2012, from Villanueva's attorney to a process server in San Antonio. Appellees were served eighteen days later on August 6, 2012.

After a hearing, the trial court granted appellees' summary judgment motion. This appeal followed.

## DISCUSSION

### Did the Appellant Exercise Due Diligence in Serving the Appellees?

In one issue, Villanueva contends the trial court erred in granting summary judgment on statute of limitations grounds because a genuine issue of material fact exists as to whether she exercised due diligence in obtaining service of citation on appellees.

*Standard of Review*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16. When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

*Due Diligence in Securing Service*

Once a plaintiff has filed a petition within the statute of limitations period for a personal injury claim, he or she must use due diligence in serving the defendant with the citation. *Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007) (per curiam); *see also Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If a defendant affirmatively pleads limitations and establishes that service was effected after the limitation period expired, as is the case here, the burden shifts to the plaintiff to explain the delay. *See Proulx*, 235 S.W.3d at 216. The plaintiff must then present evidence to raise a fact issue as to due diligence in service of process. *Id.* at 215 (citing *Gant*, 786 S.W.2d at 260).[1]

---

[1] If the plaintiff's evidence raises a material fact regarding the diligence of service, the burden then returns to the defendant to conclusively show why, as a matter of law, the evidence is insufficient. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).

To explain a delay in service, "it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* at 216 (citing *Gant*, 786 S.W.2d at 260); *see also Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App.—Austin 2000, pet. denied) (holding that a plaintiff's attorney must evaluate continuously the state of efforts to secure service); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied) (upholding summary judgment because plaintiff's explanation that service was delayed for 25 days out of professional courtesy was not sufficient); *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.) (holding lack of diligence existed as matter of law when the plaintiff "offered no explanation whatsoever concerning the delay between filing suit and service of citation"). *But see Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that the plaintiff's explanation for a 27 month delay in service raised a fact question because he had attempted to effect service and had reason to believe that he had actually effected service by publication).

"Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. The "relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* "However, the plaintiff may fail to raise a fact issue if the evidence demonstrates a lack of diligence as a matter of law, 'as when one or more lapses between service are unexplained or

4

patently unreasonable.'" *Franklin v. Bullock*, No. 03-07-00511-CV, 2008 Tex. App. LEXIS 6239, at *4 (Tex. App.—Austin Aug. 14, 2008, no pet.) (mem op.) (quoting *Proulx*, 235 S.W.3d at 216); *see also Rodriguez*, 13 S.W.3d at 49 (holding that due diligence will not be found as a matter of law if no excuse for lack of service of citation is provided, or if the lapse of time and the plaintiff's acts, or inaction, conclusively disprove diligence); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 128 (Tex. App.—Texarkana 1986, no writ) (holding "[when] finding lack of diligence as a matter of law, either no explanation was offered for the delay in issuing and serving citation, or the excuse given was one which affirmatively established lack of reasonable diligence").

Appellees in this case met their initial summary judgment burden by establishing the date of Villanueva's alleged personal injury on March 11, 2010, and that they were served with the citation on August 6, 2012, more than four months after the statute of limitations for a personal injury suit had expired. *See* Tex. R. Civ. P. 166a(c); Tex. Civ. Prac. & Rem. Code § 16.003. The burden then shifted to Villanueva to raise a fact issue. *See Proulx*, 235 S.W.3d at 216. While the length of time taken to effect service is a factor a court will consider in establishing if a party acted with due diligence, it is neither the only nor a dispositive factor. *Hull v. Vidaurri*, No. 03-08-00204-CV, 2010 Tex. App. LEXIS 424, at *5 (Tex. App.—Austin Jan. 22, 2010, pet. denied) (mem. op.) (citing *Ashley v. Hawkins*, 293 S.W.3d 175, 181 (Tex. 2009)); *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.) (citing *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied)).

Here, Villanueva's explanation for the delay in service was the turnover of staff in her attorney's office. But mere reliance upon an employee to ensure service of citation is not due

diligence as a matter of law because this reliance is "patently unreasonable." *See Campbell v. Abrazo Adoption Assocs.,* No. 04-09-00827-CV, 2010 Tex. App. LEXIS 5161, at *10–12 (Tex. App.—San Antonio July 7, 2010, pet. denied) (mem. op.) (holding that failure of an attorney's office staff to effectuate service is not due diligence as a matter of law); *see also Proulx*, 235 S.W.3d at 216 (noting that explanations for service that do not account for lapses in service efforts may be "patently unreasonable"); *Rodriguez*, 13 S.W.3d at 51 (holding that a delay in service due to professional courtesy does not demonstrate due diligence as a matter of law); *Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 Tex. App. LEXIS 1314, at *2 (Tex. App.—San Antonio March 4, 1998, pet. denied) (mem. op.) (holding that reliance upon an "employee or the process server does not constitute due diligence in procuring service of citation because any erroneous assumption does not constitute excuse for delay in service of citation"). Employee turnover does not address any affirmative efforts taken to secure service. Thus, Villanueva failed to provide a valid explanation for the delay or to submit evidence of any activity to show efforts made to effect service from March 8, 2012 to July 19, 2012, over a four month period. Villanueva also failed to submit evidence of any attempts to secure service other than including a copy of the letter dated July 19, 2012, to the service processor. It was eighteen more days from the date of the letter before appellees were served. A prudent person upon discovering that service had not been effected would have acted with all haste to ensure that the citation was promptly served thereafter.

In her brief, Villanueva primarily relies on *Valdez* to argue that unintentional attorney conduct provides a valid excuse for delay in service. In *Valdez*, two defendants were sued. *Valdez*, 715 S.W.2d at 127. Due to a miscommunication between the legal secretary responsible for ensuring

6

service of citation and the clerk's office, the fee paid to issue citation of service was insufficient to serve both defendants. *Id.* at 128. The *Valdez* court reversed the trial court's grant of the defendant's summary judgment motion, finding that the miscommunication was sufficient to raise a fact issue as to whether the plaintiff exercised due diligence. *Id.* at 127. However, unlike *Valdez*, this case does not involve miscommunication with the clerk's office. While miscommunication with the clerk's office may raise a fact issue on the question of diligence, a lack of communication within a party's law firm does not because "there are no efforts from which to evaluate the reasonableness or diligence of the actor." *Rodriguez*, 13 S.W.3d at 51. Further, in order to show due diligence, a party must act as an ordinarily prudent person would have acted under the same or similar circumstances. *Proulx*, 235 S.W.3d at 216. A prudent person would have taken steps to ensure that all current matters being handled by a departing employee were adequately handled.

We conclude that Villanueva's delay in service shows a lack of due diligence as a matter of law. The summary judgment evidence established a lack of any effort to secure service for over four months after the statute of limitations had expired. Thus, there is no genuine issue of material fact as to whether Villanueva acted with the requisite due diligence to prevent summary judgment. *See Id.* We overrule Villanueva's issue.

## CONCLUSION

Because we conclude that there is no genuine issue of material fact as to whether Villanueva acted with the requisite due diligence to prevent summary judgment, we affirm the trial court's summary judgment.

7

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   August 15, 2013