FILED

*June 22, 2015*

Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00795-CV
5566141
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/5/2015 2:27:17 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00795-CV

# THIRD COURT OF APPEALS AT AUSTIN

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/5/2015 2:27:17 PM
JEFFREY D. KYLE
Clerk

JENNIFER SAMANIEGO,

Appellant,

v.

ALIEDA SILGUERO,

Appellee.

On Appeal from County Court at Law No. 2
of Travis County
Trial Court No. C-1-CV-13-004032

## CORRECTED BRIEF OF APPELLANT JENNIFER SAMANIEGO

Leif A. Olson
  State Bar No. 24032801
  leif@olsonappeals.com
THE OLSON FIRM, PLLC
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382

**Counsel for Appellant
Jennifer Samaniego**

## Identity of Parties and Counsel

**Plaintiff-appellant**

Jennifer Samaniego    Leif A. Olson
  State Bar No. 24032801
  leif@olsonappeals.com
THE OLSON FIRM, PLLC
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382
*Counsel on appeal*

Anthony J. Colton
  State Bar No. 24064564
  acolton@coltonlawfirm.com
COLTON LAW FIRM PLLC
301 Fair Avenue
San Antonio, Texas 78223
(210) 593-8717
*Counsel in trial court*

**Defendant-appellee**

Alieda Silguero    Nadia Ramkissoon
  State Bar No. 24076635
  nadiaramkissoon@farmersinsurance.com
CLARK, PRICE & TREVINO
1701 Directors Blvd., Suite 920
Austin, Texas 78744
(512) 445-1591
*Counsel on appeal and in trial court*

## Table of Contents

Identity of Parties and Counsel ................................................................. 1

Table of Contents ...................................................................................... 2

Index of Authorities .................................................................................. 3

Statement of the Case ............................................................................... 5

Statement on Oral Argument.................................................................... 5

Issues Presented......................................................................................... 6

Timeline of Facts ....................................................................................... 7

Summary of Argument: *The trial court erred in rendering summary judgment because Samaniego pursued her case diligently.* .........................11

Standard of Review .................................................................................. 13

Argument................................................................................................... 13

    A. The analogous cases demonstrate that Samaniego was diligent. ....................................................................................... 14

        1. *Proulx*. ...................................................................................... 14

        2. *NETCO v. Montemayor*. ......................................................... 16

        3. *Auten v. DJ Clark*. ................................................................. 18

        4. Other cases. ............................................................................. 20

    B. Silguero's cases are inapposite. ............................................... 21

Conclusion and Prayer ............................................................................ 22

Certificate of Compliance ....................................................................... 23

Certificate of Service ............................................................................... 24

# Index of Authorities

**Cases**

*Auten v. DJ Clark, Inc.*
209 S.W.3d 695
(Tex. App. – Houston [14th Dist.] 2006, no pet.).........12, 13, 14, 15

*Butler v. Ross*
836 S.W.2d 833
(Tex. App. – Houston [1st Dist.] 1992, no writ) ....................... 9, 16

*Franklin v. Bullock*, No. 03-07-00511-CV
2008 WL 3539949 (Tex. App.– Austin Aug. 14, 2008, no pet.) 7, 14

*Gant v. DeLeon*
786 S.W.2d 259 (Tex. 1990) .......................................................9

*Hamilton v. Goodson*
578 S.W.2d 448
(Tex. Civ. App. – Houston [1st Dist.] 1979, no writ) ................... 16

*Hansler v. Mainka*
807 S.W.2d 3 (Tex. App. – Corpus Christi 1991, no writ) .............9

*International Fidelity Ins. Co. v. State*, No. 03-09-00539-CR
2010 WL 4366910 (Tex. App. – Austin Nov. 3, 2010, no pet.).......8

*NETCO, Inc. v. Montemayor*
352 S.W. 3d 733
(Tex. App. – Houston [1st Dist.] 2011, no pet.)..................10, 11, 15

*Parsons v. Turley*
109 S.W.3d 804 (Tex. App. – Dallas 2003, pet. denied) ............... 16

*Perry v. Kroger Stores, Store No. 119*
741 S.W.2d 533 (Tex. App. – Dallas 1987, no writ)....................... 16

*Proulx v. Wells*
235 S.W.3d 213 (Tex. 2009) ........................................ 7, 8, 9, 10, 15

*Tate v. Beal*
   119 S.W.3d 378 (Tex. App. – Fort Worth 2003, pet. denied) ....... 14

*Trice v. Tentzer*, No. 03-99-00775-CV
   2000 WL 1125246 (Tex. App. – Austin Aug. 10, 2000, no pet.)... 14

*Valdez v. Charles Orsinger Buick Co.*
   715 S.W.2d 126 (Tex. App. – Texarkana 1986, no writ)................ 15

*Valence Operating Co. v. Dorsett*
   164 S.W.3d 656 (Tex. 2005) ........................................................7

*Webster v. Thomas*
   5 S.W.3d 287
   (Tex. App. – Houston [14th Dist.] 1999, no pet.) ..................... 9, 16

**Statutes**
TEX. CIV. PRAC. & REM. CODE § 16.003 ....................................7

## Statement of the Case

| | |
|---|---|
| Nature of the case | Car accident |
| Trial court | Travis County Court at Law No. 2<br>Judge Eric M. Shepperd |
| Trial court proceedings | Samaniego sued Silguero in May 2013 for rear-ending her car.[1] Her attorney suffered a stroke; at least four other lawyers declined to take her case.[2] She finally obtained substitute counsel in April 2014 and obtained substitute service six weeks after that.[3] |
| Trial court disposition | Silguero sought summary judgment on lack-of-diligence grounds.[4] On that motion, the trial court adjudged that Samaniego take nothing.[5] |

## Statement on Oral Argument

Samaniego doesn't believe that oral argument is necessary.

---

[1]  CR 6–9.

[2]  CR 66, 84–85.

[3]  CR 24, 51; CR 44–45.

[4]  CR 34–37.

[5]  CR 81 (referring to claims as "dismissed with prejudice" rather than adjudged).

## Issues Presented

A plaintiff's attorney suffered a stroke, and she was unable to retain new counsel for six months. Immediately after her new counsel was retained, she attempted to serve the defendant. She achieved substitute service six weeks after her new counsel appeared.

Did the trial court err in summarily adjudging that the plaintiff was not diligent in pursuing service?

**Timeline of Facts**

| Date | Event |
|------|-------|
| 2 May 2011 | Jennifer Samaniego is driving on IH-35 in Austin. She is attempting to exit to Riverside Drive when Alieda Silguero rear-ends her.[6] |
| May 2011– April 2013 | Samaniego works with Silguero and Silguero's insurer to resolve her damages claims. Those attempts fall through.[7] |
| 2 May 2013 | Samaniego's attorney, acting on her behalf, files Samaniego's lawsuit against Silguero and asks the clerk to issue a citation.[8] |
| May 2013 | A process server attempts to serve Silguero at on two different occasions at two different addresses but cannot find her.[9] |

---

[6]   CR 20.

[7]   CR 50, 84.

[8]   CR 6–9, 95.

[9]   CR 50, 65, 84.

| Date | Event |
| --- | --- |
| Oct 2013 | Samaniego receives a letter from White's office. He has suffered a stroke and will no longer be practicing law. Thomas Crosley will review White's files and "may be able to take over the handling" of some of White's cases, including Samaniego's.[10] |
| Nov 2013 | Crosley tells Samaniego that he will not represent her.[11] |
| Jan 2014 | Samaniego contacts lawyer Robert White. He responds that he cannot take the case and refers her to the State Bar.[12] |
| Feb 2014 | Samaniego contacts the State Bar and is referred to a lawyer whose name she cannot remember. He informs her that he will not take her case and refers her to the Austin Bar Association.[13] |

[10]  CR 66.
[11]  CR 85.
[12]  CR 85.
[13]  CR 85.

| Date | Event |
|---|---|
| Feb 2014 | Samaniego contacts the Austin Bar Association (presumably the Lawyer Referral Service of Central Texas) and is given the names of two lawyers. She contacts them both. Neither will take her case.[14] |
| Apr 2014 | A family friend refers Samaniego to Anthony Colton. Colton accepts her case.[15] |
| 22 Apr 2014 | Colton appears in the case for Samaniego. He files an amended petition that includes a request for disclosures. He asks the clerk to issue a new citation.[16] |
| 23 Apr 2014 | The clerk issues a new citation.[17] |
| 17 May 2014 | The process server serves Silguero's father (who at that point is a defendant). He tells the process server that the home is still Silguero's permanent address but she is currently living elsewhere.[18] |

---

[14] CR 85.

[15] CR 85.

[16] CR 16 (appearance), 11–15 (amended petition), 19–23 (corrected amended petition), 18 (request for new citation).

[17] CR 25.

[18] CR 26, 28.

| Date | Event |
|---|---|
| 3 June 2014 | The process server files the return of service for Silguero's father. Samaniego moves for substitute service.[19] |
| 6 June 2014 | The trial court orders that Silguero can be served through substitute service.[20] |
| 16 June 2014 | The process server serves Silguero.[21] |
| 26 June 2014 | Silguero answers and moves for summary judgment.[22] The sole basis for her motion is that the "eleven[-]month delay" between filing and service "establishes, as a matter of law, a lack of due diligence."[23] She sets a hearing for October 13.[24] |
| 6 Oct 2014 | Samaniego files her opposition to the summary-judgment motion.[25] |
| 13 Oct 2014 | The trial court hears the motion.[26] |

---

[19] CR 25–26 (return of service), 27–29 (motion for substitute service).

[20] CR 32.

[21] CR 45.

[22] CR 33–37.

[23] CR 36.

[24] CR 48.

[25] CR 49– 56.

[26] *See* CR 70.

| Date | Event |
|---|---|
| 17 Nov 2014 | Samaniego moves to set her case for trial on the jury docket.[27] |
| 18 Nov 2014 | The trial court summarily adjudges that Samaniego take nothing. (It refers to this judgment as a "dismiss[al] with prejudice.")[28] Samaniego requests findings of fact and conclusions of law.[29] |
| 4 Dec 2014 | Samaniego moves to reconsider the trial court's summary judgment.[30] |
| 16 Dec 2014 | Samaniego files her notice of appeal and a notice of past-due findings of fact and conclusions of law.[31] |

## Summary of Argument:

*The trial court erred in rendering summary judgment because Samaniego pursued her case diligently.*

Silguero and her insurer knew that Samaniego had a claim against them for the injuries she received from Silguero in the car wreck. For two years after the wreck, Samaniego worked to coax payment out of

---

[27] CR 73.

[28] CR 81.

[29] CR 79.

[30] CR 82–86.

[31] CR 88, 90.

them to compensate her for her injuries. It was only when the statute of limitations had almost run and she still had not been paid and that she hired a lawyer.

Samaniego did not idle while Silguero went carefree along her way. The very day that she filed her lawsuit, she had a citation issued. Two attempts at two different addresses were made to serve Silguero with that citation within the same month. Once Samaniego received word that her attorney's successor would not take her case, she contacted other lawyers, lawyer referral services, and lawyers whose names she was given by those services. When she finally found a lawyer to take her case, that lawyer requested a new citation the very day that he appeared on her behalf. He then had a process server attempt service, requested and received permission to use substitute service, and served Silguero within the span of six weeks.

Litigation is an unusual circumstance for almost all clients — and it is the rare client indeed who must navigate the black-swan occurrence that is the debilitation of her attorney by a stroke. Under the circumstances — an intractable insurer, an incapacitated attorney, repeated attempts to find a replacement — Samaniego exercised reasonable diligence. At the very least, reasonable minds can differ: When Samaniego's attorney was felled by a traumatic brain injury, did she diligently pursue her case when the lawyer who finally agreed to represent her, after several other lawyers declined, obtained citation, permission

for substitute service, and substitute service all within six weeks of his appearance?

A reasonable juror could answer "yes." The trial court erred, and Court should reverse.

## Standard of Review

The court reviews a grant of summary judgment — here, on limitations — *de novo*.[32] It takes as true all evidence in favor of the claimant and, when undisputed evidence is susceptible of multiple inferences, it indulges all reasonable inferences, and resolves all doubts, in the claimant's favor.[33]

## Argument

Statutes of limitations bar lawsuits by a plaintiff who doesn't implead a defendant within a specified period. In this personal-injury suit, that period is two years.[34] Service relates back to the filing date and defeats a limitations defense if she is diligent in attempting to serve the defendant.[35] That diligence is generally a question of fact: Given the circumstances, did the plaintiff act like a reasonably prudent

---

[32] *See Franklin v. Bullock*, No. 03-07-00511-CV, 2008 WL 3539949 at *1 (Tex. App.– Austin Aug. 14, 2008, no pet.), citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[33] *Id.*, citing *Valence*, 164 S.W.3d at 661.

[34] Tex. Civ. Prac. & Rem. Code § 16.003.

[35] *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2009).

person?[36] A plaintiff's diligence is missing "as a matter of law only when a delay in service is 'unexplained or patently unreasonable.'"[37]

Diligence — not the mere passage of time — is the question. Silguero, though, sought summary judgment only on the basis of an "eleven month delay" between filing and service, "which conduct establishes, as a matter of law, a lack of due diligence."[38] The circumstances surrounding that delay belie that contention and cannot support the trial court's ruling. The summary judgment must be reversed.

## A. The analogous cases demonstrate that Samaniego was diligent.

### 1. *Proulx*.

The Supreme Court's opinion in *Proulx v. Wells* establishes the framework the courts must use to answer questions about diligence. Whether a plaintiff was diligent is generally a question of fact, and courts must examine "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service."[39] The plaintiff there took nine months to serve the defendant, and the defendant contended that that period, and inde-

---

[36] *Id.* at 216.

[37] *Intl. Fidelity Ins. Co. v. State*, No. 03-09-00539-CR, 2010 WL 4366910 at *2 (Tex. App. – Austin Nov. 3, 2010, no pet.), citing *Proulx*, 235 S.W.3d at 216.

[38] CR 36.

[39] 235 S.W.3d at 216.

pendent gaps within it — particularly a nine-month gap between the plaintiff's learning that he had the wrong address and hiring a private investigator to find the right one — disproved diligence as a matter of law.[40] The Supreme Court disagreed: "that some periods of time elapsed between service efforts does not conclusively demonstrate that [the plaintiff] was not exercising diligence in his efforts to locate [the defendant]."[41]

Here, Silguero urged the trial court to grant judgment nearly on the basis of the passage of time with no analysis of the reasons the time was passing without service. That contradicts the Supreme Court's framework for determining diligence. Indeed, the Court cited four counterexamples of delays that *did* constitute a lack of diligence as a matter of law. Those counterexamples — no explanation for thirty-eight months of delay; four months of no effort to have citation issued; five-and-a-half months of unexplained inactivity; five-month gap between filing suit and requesting service — are nothing like Samaniego's situation.[42] Samaniego's attorney was incapacitated, and she

---

[40] 235 S.W.3d at 216–217.

[41] *Id.* at 217.

[42] *Id.*, citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (38 months); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App. – Houston [14th Dist.] 1999, no pet.) (no effort); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App. – Houston [1st Dist.] 1992, no writ) (inactivity); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App. – Corpus Christi 1991, no writ) (not requesting service).

nonetheless continued to pursue her case. Unlike the plaintiffs in the Supreme Court's *Proulx* counterexamples, Samaniego raised a fact issue about her diligence. The Court should reverse.

## 2. *NETCO v. Montemayor.*

The gaps here are similar to gaps that the First Court of Appeals analyzed in *NETCO v. Montemayor*.[43] There, Montemayor sued NETCO in April 2007 but did not serve it until April 2008. During May and June, Montemayor made four attempts at service. From mid-June until limitations expired in December, she made no further attempts. In January, she asked the Department of Insurance to serve NETCO but was told that title insurers need not register with the department. NETCO amended its registered-agent statement in mid-February; Montemayor hired a process server on March 31 to attempt service, and was told that same day that the agent was no longer at the address given to the Secretary of State. A process server unsuccessfully tried to serve NETCO's president personally in Illinois the next day. Montemayor finally served NETCO on April 15 by substituted service.[44]

An almost six-month-long gap separated Montemayor's fourth attempt at service from her inquiries to the Department of Insurance.

---

[43] 352 S.W. 3d 733 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

[44] 352 S.W.3d at 740.

16

Roughly three months more separated those inquiries from her next attempt at service. Despite this nine-month gap, the First Court affirmed a jury finding that Montemayor had been diligent.[45] Likewise, Samaniego had a gap of almost six months between her four attempts at service and her next inquiries. The only difference is that Samaniego was asking after lawyers to replace her stroke-stricken attorney — looking to replace the agent who was knowledgeable about and responsible for effecting service. And more, just as Montemayor obtained substitute service within two months after discovering how the defendant could be served, Samaniego's new counsel needed only six weeks to move from a requested citation to substituted service.

A year between filing and service, including a nine-month gap, was not so long as to show lack of diligence as a matter of law. Indeed, the First Court held that evidence was sufficient to demonstrate that the plaintiff had been diligent. Here, Samaniego has been similarly diligent. And here, the Court should find, as the First Court did, that the plaintiff's diligence is a disputed question of fact to be submitted to the jury. The Court should reverse.

---

[45]  *Id*. at 741.

### 3. *Auten v. DJ Clark.*

The Fourteenth Court, too, has found fact issues on diligence in similar situations. The plaintiff in *Auten v. DJ Clark* filed her suit three days before limitations ran on her claim.[46] A process server attempted service multiple times over the next few weeks. Shortly thereafter, the only legal assistant for the plaintiff's attorney, who was responsible for maintaining the attorney's files, fell into a coma and died. The attorney himself then developed a life-threatening infection and was unable to work for several weeks. By the time the attorney had hired a new assistant and could return to work, it was five months after the case had been filed.[47]

The trial court found a lack of diligence as a matter of law, and the Fourteenth Court reversed. The defendants argued that the failures of the plaintiff's attorney and his staff did not excuse the plaintiff's duty to diligently ensure that the defendants were served. The court had none of it:

> The legal assistant and counsel obviously did not abandon the substituted service through mere inaction considering they were both incapacitated during some of this period. We recognize counsel did not explain the steps he took to ascertain the status of his cases while

---

[46] *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 699 (Tex. App. – Houston [14th Dist.] 2006, no pet.).

[47] *Id.* at 701–702.

he was not incapacitated and exactly when he learned the status of this case. Nonetheless, he experienced two unusual hardships during this period. We can reasonably infer that it would take some time for an attorney to resume the normal operation of a law practice after his only assistant lapses into a coma and subsequently dies and after he has been incapacitated due to a serious illness.[48]

The court also rejected arguments that snafus in the clerk's office, which delayed service by another seven months, showed a lack of diligence.[49]

Here, the delay was due to the (apparently permanent) incapacitation of the attorney himself. This required a review of all of his case files by another lawyer – a lawyer who declined to take Samaniego's case. Once Samaniego was aware that her attorney could no longer represent her and that his successor would not represent her, she sought new counsel. She repeatedly sought new counsel. And once she had located a new attorney, her case went from issuance of new citation to substituted service within six weeks. The total time from the successor's rejection of Samaniego's case to substituted service upon Silguero was less time in the clerk-office delay by itself in *Auten*.

---

[48]  *Id.* at 703.

[49]  *Id.* at 704–705.

The Fourteenth Court found a fact issue about a plaintiff's diligence when service was delayed for a year because of complications that began with illness and death in the attorney's office. Here, service was delayed for slightly more than a year because of complications that began with permanent, incapacitating illness in the attorney's office. This created a fact issue in *Auten*. It creates a fact issue here, too. The Court should reverse.

### 4. Other cases.

These aren't the only cases finding a fact issue. For example:

- This Court reversed a summary judgment because a plaintiff raised a fact issue on diligence when they described the efforts they made to locate the defendants during the nine post-filing months passed without service.[50]

- This Court also reversed a summary judgment because a plaintiff raised a fact issue on diligence when three months passed between suit and service, including a no-activity gap of roughly a month.[51]

- The Fort Worth Court of Appeals reversed a summary judgment because there was a fact issue on diligence when three months passed between suit and service.[52]

---

[50] *Trice v. Tentzer*, No. 03-99-00775-CV, 2000 WL 1125246 at *3–4 (Tex. App. – Austin Aug. 10, 2000, no pet.).

[51] *Franklin* 2008 WL 3539949 at *3.

[52] *Tate v. Beal*, 119 S.W.3d 378, 381–382 (Tex. App. – Fort Worth 2003, pet. denied).

- The Texarkana Court of Appeals reversed a summary judgment because there was a fact issue on diligence when mix-ups at the attorney's office resulted in an unpaid citation fee which, in turn, resulted in a defendant that was not served for eight months.[53]

There are, of course, more. But as these cases — like *Proulx*, *NETCO*, and *Auten* — show, a plaintiff with a reasonable explanation for a delay in service has established a fact issue about her diligence. Samaniego has a reasonable explanation. He has established a fact issue about her diligence. The Court should reverse.

## B. Silguero's cases are inapposite.

Silguero cited a handful of cases to the trial court to support her claim that Samaniego didn't act appropriately. But none of those cases are comparable. In particular, none of them ask what a prudent person would do when her lawyer suffers an incapacitating stroke. But more generally, those cases involved an absolute absence of activity for months — sometimes years — after the case was filed. Samaniego was not that somnolent. Silguero's cases (discussed in the order that they appear in her motion)[54] are inapplicable. The plaintiff in:

---

[53] *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 127–28 (Tex. App. – Texarkana 1986, no writ).

[54] CR 36–37.

21

- *Perry v. Kroger* sued the day before limitations expired but took no action to serve until eight months later.[55]

- *Parsons v. Turley* unilaterally decided not to request or serve citation so he could propose a settlement to the defendant.[56]

- *Webster v. Thomas* sought a citation from the wrong clerk's office for three months, sent the citation to the wrong constable, and waited two more weeks to send a citation to the correct constable when he was told of the mistake.[57]

- *Hamilton v. Goodson* waited for more than six months to have a citation issued and gave no explanation for the delay.[58]

- *Butler v. Ross* received a citation but did nothing to serve it for five and half months.[59]

None of these situations mirror Samaniego's. None of these plaintiffs' actions mirror Samaniego's. Samaniego raised a fact issue on her diligence. The trial court's summary judgment was erroneous, and the Court should reverse.

## Conclusion and Prayer

The Court should reverse judgment and remand to the trial court.

---

[55] *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 535 (Tex. App. – Dallas 1987, no writ).

[56] 109 S.W.3d 804, 808–10 (Tex. App. – Dallas 2003, pet. denied).

[57] 5 S.W.3d at 290–292.

[58] 578 S.W.2d 448, 449 (Tex. Civ. App. – Houston [1st Dist.] 1979, no writ).

[59] 836 S.W.2d at 836.

Samaniego prays for that reversal and remand and for all other relief to which she may be entitled.

Respectfully submitted,

THE OLSON FIRM, PLLC

/s/ Leif A. Olson

Leif A. Olson
  State Bar No. 24032801
  leif@olsonappeals.com
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
**Counsel for appellant**
**Jennifer Samaniego**

## Certificate of Compliance

This *Corrected Brief of Appellant Jennifer Samaniego* was prepared with Microsoft Word 2013. According to that program's word-count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 3,038 words.

/s/ Leif A. Olson

## Certificate of Service

On June 5, 2015, in accordance with Texas Rule of Appellate Procedure 9.5(b), I served a copy of this *Corrected Brief of Appellant Jennifer Samaniego* and its Appendix on counsel for appellee Alieda Silguero by e-filing:

Nadia Ramkissoon
nadiaramkissoon@farmersinsurance.com
Clark, Price & Trevino
1701 Directors Blvd., Suite 920
Austin, Texas 78744
(512) 445-1591

/s/ Leif A. Olson

No. 03-14-00795-CV

# Third Court of Appeals
## at Austin

Jennifer Samaniego,
Appellant,

v.

Alieda Silguero,
Appellee.

On Appeal from County Court at Law No. 2
of Travis County
Trial Court No. C-1-CV-13-004032

## Appendix of Appellant Jennifer Samaniego

Leif A. Olson
  State Bar No. 24032801
  leif@olsonappeals.com
The Olson Firm, PLLC
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382

**Counsel for
Appellant Jennifer Samaniego**

**CAUSE NO. C-1-CV-13-004032**

| | | |
|---|---|---|
| JENNIFER SAMANIEGO,<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| | §<br>§ | AT LAW NUMBER TWO |
| VS. | §<br>§ | |
| ALIEDA SILGUERO,<br>Defendant. | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## <u>ORDER</u>

The Court conducted a hearing on Defendant's Motion for Summary Judgment and, after considering the Motion, Plaintiff's Opposition to the Motion, the pleadings in this case, and the arguments of counsel, the Court is of the opinion that the Motion, in all respects, should be granted.

It is therefore ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for Summary Judgment is GRANTED, and all claims against Defendant Alieda Silguero in this matter are dismissed with prejudice.

SIGNED on this the 18th day of November, 2014.



_____
ERIC M. SHEPPERD, Judge Presiding

000924006