Reginald **THOMAS** et ux., Appellants,

v.

**Dr. C. I. SHULT** et al., Appellees.

No. 15506.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 30, 1969.

On Second Motion for Rehearing
Nov. 28, 1969.

Third Rehearing Denied Dec. 18, 1969.

John Holloway, Houston, for appellants.

Hodges, Moore & Gates, Morris Hodges, Otto Moore, Jr., Columbus, for appellee, Dr. C. I. Shult.

Vinson, Elkins, Searls & Connally, Thomas B. Weatherly, Knox D. Nunnally, Houston, for appellee, Rigo Mfg. Co.

On Second Motions for Rehearing

PEDEN, Justice.

The motion for rehearing filed by the appellants is granted; that filed by appellee Rigo Manufacturing Company is overruled. Our opinion of September 11, 1969 is withdrawn, and the following is substituted for it:

This cause arose from the death of Reginald Thomas, Jr., the twenty-month-old son of the appellants, Mr. and Mrs. Thomas. He drank some Kill-Ko, an insecticide, and was taken by his mother to Dr. Shult for treatment. Dr. Shult was sued by the appellants, Mr. and Mrs. Thomas, for alleged medical malpractice. The Thomases also sued appellee Rigo Manufacturing Company, the manufacturer and distributor of Kill-Ko, alleging that Rigo failed to adequately warn the public of the dangerous properties of its product.

Appellants brought suit in two capacities against Dr. Shult. In that part of appellants' suit against Dr. Shult which was brought under our Survival Statute, Art. 5525, Vernon's Annotated Civil Statutes, they sued as heirs of the estate of Reginald, Jr., to recover for conscious pain and mental anguish of the decedent; that part of the suit proceeded to trial before a jury. The trial judge had previously granted the limitations and laches pleas filed by Dr. Shult as to appellants' claim which they brought individually under our Death Statute, Art. 4671, V.A.C.S., for their pecuniary loss occasioned by the death of their son; also such pleas filed by Rigo.

Appellants' first point of error states that the trial court erred in sustaining Rigo Manufacturing Company's plea of limitation against the estate of Reginald Thomas, Jr., and their second point complains of the sustaining of Rigo's plea of laches against his estate, alleging that the pleadings and record fail to establish laches as a matter of law.

Appellants' third point states that the court erred in dismissing the wrongful death action of Reginald and Margie Thomas against Rigo Manufacturing Co. on its pleaded defense of two and three year statutes of limitations since the pendency of their suit was properly maintained within the "dismissal" 60-day privilege of Article 5539a, Vernon's Annotated Texas Statutes, the record failing to show as a matter of law that plaintiffs had not made a good faith effort to obtain jurisdiction over an out-of-state defendant, since limitations do not run against such defendant who has not submitted to the jurisdictions of the court.

Their fifth point is that it was error to overrule plaintiffs' motion for continuance as to this cause and to sustain Rigo's plea in abatement and limitation without plaintiffs having had an opportunity to contest such pleadings by evidence and answer.

This cause was the subject of an earlier appeal. See 436 S.W.2d 194. To shorten this opinion we refer to the earlier one for

a review of the pleadings filed and the proceedings held between June 25, 1964 (the date the child took the poison and died) and May 23, 1968 (the date of the second purported judgment in this cause). The events and pleadings with which we are now concerned comprise all of page 195 and the first three paragraphs on page 196 of that opinion.

Appellants cite Article 5539a, V.A.T.S., which provides:

"When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

Rigo was first made a party when the suit was filed in Federal Court. On authority of Burford v. Sun Oil Co., 186 S.W. 2d 306, Austin Tex.Civ.App.1945, writ ref., w. m., we hold that the statute applies to the instant case and that the period between June 24, 1966 and October 14, 1966, is not to be counted as a part of the period of limitation unless appellee Rigo establishes that the filing in Federal Court was in intentional disregard of jurisdiction.

Rigo's "Plea to The Jurisdiction in Abatement and to Dismiss" (described in our earlier opinion) constituted neither a motion for summary judgment nor an exception to appellants' petition. A plea of limitation is an affirmative defense. Rule 94, Texas Rules of Civil Procedure. The burden of proof is usually on the party who pleads limitations. It may be that when the facts have been fully developed Rigo will be entitled as a matter of law to a ruling in its favor on the limitations

question, but the record reflects that Rigo has not offered any proof in support of the contentions contained in its "Plea".

■ We cannot say, based on the pleadings alone, that the filing of the suit in the United States District Court was in intentional disregard of jurisdiction of the Federal Court (as required by Article 5539a, V.A.T.S.). If defendants raise limitation by plea or by exception and it does not affirmatively appear from the face of the petition that plaintiffs' asserted cause of action is barred by limitation, evidence should be received. Birdwell v. American Bonding Co., 337 S.W.2d 120, 128 (Ft. Worth Tex.Civ.App.1960, writ ref., n. r. e.). We sustain appellants' first three points.

■ We overrule appellants' fourth point of error which states: "The Court erred in dismissing the wrongful death action of Reginald and Margie Thomas based upon defendant Dr. Shult's plea of the statute of limitations and plea in abatement." In connection with the hearing on that plea, the trial court heard the matter and held it under advisement for several weeks. The order of dismissal as to appellants' wrongful death action against Dr. Shult was entered on April 3, 1967. It recites that the court heard "the evidence adduced on the hearing * * *". The proceedings at such hearing were not preserved in the statement of facts, and the record does not reflect that findings of fact or conclusions of law were requested or filed. We assume that the evidence supported the court's holding. Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950); Pecos Mining Company v. Richardson, 318 S.W.2d 3 (Amarillo Tex.Civ.App.1958, no writ).

We turn now to that part of the judgment which was based on the jury verdict in appellants' malpractice suit brought under Article 5525. In it appellants alleged that their minor son's estate had been damaged in the amount of $10,000.00 because of the child's conscious pain and mental an-

guish; that Dr. Shult was negligent in one or more of the following particulars: a) he failed to ascertain the correct nature of the fluid consumed by the child and to immediately give him an antidote to counteract such poison; b) he failed to exercise that degree of care and skill of a medical doctor in the vicinity in question in the care and treatment of a person who had consumed some portion of a poison; c) he failed to pump the child's stomach or to effect any other reasonable means of removing the poison from the child's stomach; d) he negligently failed to institute reasonable and standard medical care towards a person who consumed poison such as would have been done by a reasonably prudent medical practitioner in the vicinity in question to prevent the death of the child, failed to maintain the patient under medical observation so as to gauge the effects of such a poison on him and failed to institute necessary, customary and standard medical care within such time that the child's death could have been averted.

Those who testified included Mrs. Thomas, Dr. Shult, several other doctors, and Dr. Shult's employee. The principal area of disagreement in the testimony concerned what Dr. Shult did and said when the child was brought to his office shortly after he drank the poison.

Appellants' 17th point of error asserts that the trial court erred in overruling the fourth paragraph of their objections to the charge, which stated:

"Special Issue No. 1 is a general charge in violation of the laws of this State. It permits a global submission of all acts of negligence alleged so as to deny plaintiffs the right to test the several negligent acts alleged in accordance with the evidence, both in the trial court and in the appellate courts, if appeal is necessary. It does not permit specific jury findings of separate negligent acts which can be proximate cause under the evidence, but requires the jury to find that 'all of the defendant's' acts must be in violation of the local standards of care

in order to find for plaintiffs, likewise violative of the Court's own instruction that there can be more than one proximate cause and negligent act."

The issue in question, Special Issue No. 1, was:

"Do you find from a preponderance of the evidence that the defendant, Dr. C. I. Shult, as a physician in medically caring for Reginald Thomas, Jr., failed to use such care, skill and diligence as is ordinarily used by the members of the medical profession in good standing in this locality, under the same or similar circumstances?"

The jury answered: "We do not."

■ We sustain the seventeenth point. The objection was sufficient to direct attention to appellants' contention that Special Issue No. 1 was an improper global submission of a number of specific issues which appellants claimed were raised by the evidence. Kainer v. Walker, 377 S.W. 2d 613 (Tex.Sup.1964); Rules 274 and 277, Texas Rules of Civil Procedure.

■ It was not necessary for appellants to tender in writing in substantially correct wording (as required by Rule 279, T.R. C.P.) their issues inquiring as to whether Dr. Shult was negligent in order to preserve the point for appeal. The requirement set out in Rule 279 applies when there was a failure to submit an issue, not where an issue has been submitted incorrectly.

"Even where the issue, definition, or instruction included in the charge is defective in one way or another, complaint may not be made of the refusal of a correct request. If the matter included in the charge is itself defective, an objection thereto is required and will suffice to preserve the complaint. If no objection is made the defect is waived. A request will not serve as an objection, and regarded as a request, it relates to a matter already covered by the charge and would be refused as a request to submit an issue on a shade or phase of a matter already

submitted." Hodges, Special Issue Submission in Texas 166, Sec. 66 (1959), citing City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176 (1951).

"When a particular issue included in the charge is incorrect, the proper method of complaining of the defect is by objection. This is true without regard to the question whether the issue is one relied upon by the complaining party or one relied upon by his opponent. An objection will serve in either instance. There is language in some cases which would seem to indicate that it might make a difference if the issue was one relied upon by the complaining party, but there is no justification in the Rules or in policy for such a distinction." Hodges, supra, 173-4, Sec. 70, citing Green v. Ligon, 190 S.W.2d 742 (Ft. Worth Tex. Civ.App.1945, writ ref., n.r.e.); Pappas v. Wright, 171 S.W.2d 536 (San Antonio Tex.Civ.App.1943, no writ); City of Houston v. Lurie, 148 Tex. 391, 224 S.W. 2d 871 (Tex.Sup.1949), and Ft. Worth & Denver Ry. v. Barlow, 263 S.W.2d 278 (Ft. Worth Tex.Civ.App.1953, writ ref., n. r. e.).

" * * * if it is clear that a particular issue is itself incorrect, it is not necessary to request the submission of a correct issue relating to the same subject matter. For example, an objection that an issue included in the charge is multifarious in including subject matter that should be separately submitted in more than one issue is sufficient. Requests for the submission of the several separate issues are not required." Hodges, supra, p. 176.

We will comment but briefly on some of the other points, because our ruling on appellants' seventeenth point requires us to reverse the judgment of the trial court as to that part of the cause brought under Art. 5525, V.A.C.S. and remand it for another trial.

■ Appellants' 19th point correctly asserts that contributory negligence of a parent is not a defense to an action brought under Art. 5525. Mitchell v. Akers, 401 S.W.2d 907, 20 A.L.R.3d 1385 (Dallas Tex. Civ.App.1966, writ ref., n. r. e.). Also, that no issue appears to have been requested inquiring whether Mrs. Thomas' alleged negligence was the sole proximate cause of the child's suffering.

■ In that state of the record, we conclude that the issues inquiring as to whether Mrs. Thomas was negligent should have been omitted.

We find appellants' other points to be without merit.

We affirm the trial court's dismissal of that portion of appellants' cause of action against Dr. Shult which was based on Article 4671, V.A.C.S., and sever it. We reverse and remand the remainder of the judgment.

On Third Motions for Rehearing.

We withdraw from our opinion filed October 30, 1969 this sentence: "We find appellants' other points to be without merit."

In that opinion we did not specifically refer to appellants' ninth point, which was that the jury's answer of "none" to the damage issue was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

■ We overrule this point and also appellants' eighth one, which was a "no evidence" point as to the same issue. Even though the evidence relating to the damage issue was factually sufficient to support the finding of "none" by the jury, the appellants are entitled to have this cause remanded to the trial court because the submission of the issue as to Dr. Shult's alleged negligence was erroneously global and because that global submission was tied to the damage issue in that the amount of damages was limited to those arising from Dr. Shult's negligence, "if you have so found."

In the event this cause again goes to trial it is unlikely that the evidence will be pre-

sented exactly as it was in the first trial, so we will not examine in detail appellants' points 22 through 28, which complain of the trial court's refusal of certain special issues they requested. It is our opinion that some of such issues contained assumptions as to facts which were in dispute and thus constituted comments on the weight of the evidence, while others were not raised by the evidence. Appellants' requested special issue which inquired as to whether the doctor was negligent in ascertaining the nature and kind of fluid consumed is considered by us to have been in substantially correct form and to have been raised by the pleadings and the evidence.

We do not rule on appellants' points numbered 5, 6, 7, 10, 11, 12, 13 or 18, because they do not present questions which are likely to arise again.

We find appellants' points numbered 14, 15, 16, 20, 21, 29, 30, 31, 32, and 33 to be without merit and overrule them.

The motions for rehearing filed by all parties are denied.