RIGO MANUFACTURING COMPANY,
Petitioner,

v.

Reginald THOMAS et ux., Respondents.

No. B-1966.

Supreme Court of Texas.

July 15, 1970.

Rehearing Denied Oct. 7, 1970.

Vinson, Elkins, Searls & Connally, Knox D. Nunnally, and Thomas B. Weatherly, Houston, for petitioner.

John H. Holloway, Houston, for respondents.

CALVERT, Chief Justice.

This suit was filed by respondents, Reginald Thomas and wife, against Dr. C. I. Shult and Rigo Manufacturing Company, for damages alleged to have been sustained by reason of the death of respondents' infant son who died after drinking Kill Ko, an insecticide. The suit against Rigo, a foreign corporation, was based upon its alleged failure as manufacturer of Kill Ko adequately to warn of the dangerous properties of its product, and the suit against Dr. Shult was based upon alleged malpractice.

Respondents, as plaintiffs, asserted two causes of action against the defendants: (1) a cause of action for damages for conscious pain and mental anguish suffered by their child before its death, which they sought to recover under Art. 5525,[1] the Survival Statute, as heirs of the estate of

1. All Article references are to Vernon's Texas Annotated Civil Statutes.

the child; and (2) a cause of action as beneficiaries under Art. 4675 for damages for the wrongful death of the child as provided for in Art. 4671.

The suit against Dr. Shult has been severed and is not before us. We are concerned here, therefore, only with the suit against Rigo; and the only question to be decided is whether the causes of action asserted against Rigo are, as a matter of law, barred by the two-year statute of limitation. We hold that they are.

The Thomas child died June 28, 1964 and respondents' causes of action accrued on that date. This suit was filed in the district court of Colorado County on October 14, 1966, some two years, three months and sixteen days after the causes of action accrued. Proper and effective citation was issued under Art. 2031b, the "long-arm" statute, for service on Rigo on March 28, 1968, and was served by delivery to the Secretary of State on April 3, 1968, slightly more than three years and nine months after the causes of action accrued. On the basis of these established and admitted facts, the trial court sustained Rigo's plea in bar setting up the two-year statute of limitation (Art. 5526) as a defense and rendered and entered judgment that plaintiffs take nothing against Rigo. But the court of civil appeals, noting that the record also showed that prior to the filing of this suit the plaintiffs had filed a similar suit in a United States District Court on June 24, 1966, within two years of accrual of the causes of action, which suit was dismissed for lack of jurisdiction on October 4, 1966, held that limitation was tolled during the pendency of such suit and until this suit was filed by the provisions of Art. 5539a, and, accordingly, that the causes of action were not barred. The trial court's judgment was reversed and the cause was remanded to the trial court for trial. 448 S.W.2d 536. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Both of respondents' causes of action against Rigo are subject to the provisions of Art. 5526; and, absent some statute which tolls the running of the period therein provided, are barred by failure to commence and prosecute suits thereon within two years of accrual of the causes of action. Limitation of the cause of action for damages for the physical pain and mental anguish suffered by the child was tolled for twelve months by Art. 5538 which provides for such tolling upon the death of a person having a cause of action unless an administrator or executor shall have sooner qualified. No person has qualified as executor or administrator of the estate of the Thomas child. We thus have a case in which the wrongful death cause of action is subject to the bar of the statute at the end of two years, but the survival cause of action is barred only if suit thereon was not commenced and prosecuted within three years. Admittedly, this suit on both causes of action was filed after the expiration of two years but before the expiration of three years from the date on which such causes of action accrued.

But, as hereinabove indicated, the court of civil appeals held that Art. 5539a tolled the statute as to both causes of action so that neither was barred. Art. 5539a reads:

"When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

The court of civil appeals held "(o)n authority of Burford v. Sun Oil Co., 186 S. W.2d 306, Austin Tex.Civ.App.1945, writ

ref., w.m., * * * that the statute applies to the instant case and that the period between June 24, 1966 and October 14, 1966, is not to be counted as a part of the period of limitation unless appellee Rigo establishes that the filing in Federal Court was in intentional disregard of jurisdiction." We disagree with that conclusion. The correctness of the holding of the court of civil appeals turns on whether, under a proper intepretation of the statute, this suit was "commenced" within sixty days after dismissal of the suit in the United States District Court. We hold that it was not.

This court long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required. See Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645 (1891); City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93 (1942). This is so even though an applicable special statute, unlike the general statutes, does not require that a suit be both "commenced" and "prosecuted" within the limitation period, but only that the suit be "brought" within the period. Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178 (1935). And, by refusal of writ of error in Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App., Waco, 1939), we approved a holding in a suit on a note that eight and one-third months delay in securing issuance and service of citation was negligence as a matter of law and inconsistent with due diligence. Here, there was a delay of some seventeen and one-half months in securing the issuance and service of proper and effective citation, so that at the time of issuance and service thereof a period of three years and nine months had elapsed since accrual of the causes of action.

As militating against application of the foregoing rules in this case, respondents point out that on October 21, 1966, within a week after the filing of this suit, they had Rigo served with non-resident notice as authorized by Rule 108, Texas Rules of Civil Procedure; that although Rigo filed a special appearance challenging the sufficiency of that service to give the court jurisdiction, the court did not rule on and sustain the plea until March 28, 1968; and that they secured issuance and service of proper citation promptly thereafter. This, say respondents, constitutes such diligence in the issuance and service of citation as is required for commencement of this suit within sixty days after dismissal of their federal suit. We disagree. Aside from the fact that this court has held with respect to non-resident notice in an in personam action that "(t)he issuance of process which cannot possibly bring the defendant before the court cannot be considered the commencement of a suit," August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303, 305 (1903), the inadequacy of the October 21, 1966 citation was promptly called to respondents' attention by Rigo's plea to the jurisdiction. As to its inadequacy, see Huggins v. Kinsey, 414 S.W.2d 208 (Tex.Civ.App.—San Antonio 1967, writ ref'd, cert. denied, 390 U.S. 950, 88 S. Ct. 1040, 19 L.Ed.2d 1141). Rigo's plea pointed out that Rule 108 "does not permit service upon foreign corporations in this manner, that the purported service is absolutely ineffective to give this court jurisdiction * * *." Thus put on notice of the inadequacy of the Rule 108 citation, respondents nevertheless waited some seventeen months before procuring issuance and service of proper citation.

We hold that this suit in the district court of Colorado County was not "commenced" within the meaning of Art. 5539a until March 28, 1968, more than three years after accrual of both of respondents' causes of action, and that the trial court properly sustained Rigo's pleas in bar based on the statute of limitation. We find nothing in Burford v. Sun Oil Co., supra, contrary to these holdings. In *Burford,* suit was filed in the state court on the day after dismissal of a federal suit and there is nothing in

the opinion indicating a lack of diligence in obtaining issuance and service of citation.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.