CV6-196 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00196-CV







Dan Thomas, Appellant




v.




Texas Department of Criminal Justice--Institutional Division, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 485-243, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM


 Dan Thomas, an inmate of the Texas Department of Criminal Justice--Institutional Division,
filed this action on June 13, 1990, concerning events that occurred in 1988, 1989, and 1990. He did not
effect service in the cause until November 22, 1995. The court granted appellee's motion for summary
judgment based on the statute of limitations. (1) Thomas brings one point of error complaining of the grant
of summary judgment against him. We will affirm the trial-court judgment.

 To "bring suit" within a prescribed limitations period, a plaintiff must not only file suit within
the applicable period, but must also use diligence to have the defendant served with process. Gant v.
DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182
(Tex.1970). When a plaintiff files a petition within the limitations period, but does not serve the defendant
until after the period has expired, the date of service relates back to the date of filing if the plaintiff exercised
diligence in effecting service. Gant, 786 S.W.2d at 260; Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
890 (Tex.1975).

 To obtain summary judgment on the ground that process was not served within the
applicable limitations period, the movant must show that, as a matter of law, the non-movant did not use
diligence to effectuate service. Gant, 786 S.W.2d at 260; Zale, 520 S.W.2d at 891. Generally, the
exercise of due diligence in obtaining service of citation is a question of fact. See, e.g., Valdez v. Charles
Orsinger Buick Co., 715 S.W.2d 126, 127 (Tex. App.--Texarkana 1986, no writ). The issue can be
determined as a matter of law, however, if no valid excuse exists for the failure to serve process timely. 
Gant, 786 S.W.2d at 260; Rigo, 458 S.W.2d at 182. The two controlling factors which decide due
diligence are: (1) whether plaintiffs acted as ordinary prudent persons would act under the same
circumstances; and (2) whether plaintiffs acted diligently up until the time defendant was actually served. 
Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 535 (Tex. App.--Dallas 1987, no writ).

 Texas courts have consistently held that due diligence was lacking as a matter of law based
on unexplained lapses of time between filing of suit, issuance of citation and service. See, e.g., Rigo, 458
S.W.2d at 182 (approximately seventeen months between filing and service); Buie v. Couch, 126 S.W.2d
565, 567 (Tex. Civ. App.--Waco 1939, writ ref'd) (almost four months between filing and issuance of
citation and another month between issuance and service); Liles v. Phillips, 677 S.W.2d 802, 809 (Tex.
App.--Fort Worth 1984, writ ref'd n.r.e.) (two years and one month between filing and service); Williams
v. Houston-Citizens Bank & Trust Co., 531 S.W.2d 434, 436 (Tex. Civ. App.--Houston [14th Dist.]
1975, writ ref'd n.r.e.) (approximately eight months between expiration of first citation and issuance of
second).

 In this cause, we have a lapse of sixty-five months between the filing of the lawsuit and
service. We will accept as true Thomas' statement in his affidavit in support of his response to the motion
for summary judgment that, although a prison official told him the mail containing his request for citation had
been sent to the Travis County District Clerk's office, it was not. We will also give Thomas the benefit of
the doubt and assume he meant the problem with his mail occurred in July 1990, not 1991 as stated in his
affidavit. If he filed suit in June 1990, and did not even attempt to make initial service until over a year later,
he worsens his own position. However, that statement in his affidavit applies only to the first attempt at
service. There is no evidence in the summary judgment record to show any further attempts at service or
explain why no further attempts were made. He had a continuing duty to act diligently until the time of
actual service. Perry, 741 S.W.2d at 535.

 We understand that Thomas is incarcerated and proceeding pro se. He is nevertheless
bound by the same requirements imposed on all litigants to proceed with due diligence. Johnson v.
McLean, 630 S.W.2d 790, 793 (Tex. App.--Houston [1st Dist.] 1982, no writ); Brown v. Texas
Employment Comm'n, 801 S.W.2d 5, 8 (Tex. App.--Houston [14th Dist.] 1990, writ denied). (2) 

 We overrule Thomas' single point of error and affirm the trial-court judgment.

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 2, 1996

Do Not Publish

1.   A two-year statute of limitations applies to Thomas' claims under the Texas Tort Claims Act,
Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986 and Supp. 1996), and under 42 U.S.C.
§ 1983, Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).
2.   We note that Mr. Thomas has had an appeal before this court that was considered on the
merits. Thomas v. McCotter, No. 3-94-450-CV (Tex. App.--Austin August 16, 1995, no writ) (not
designated for publication).


 but does not serve the defendant
until after the period has expired, the date of service relates back to the date of filing if the plaintiff exercised
diligence in effecting service. Gant, 786 S.W.2d at 260; Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
890 (Tex.1975).

 To obtain summary judgment on the ground that process was not served within the
applicable limitations period, the movant must show that, as a matter of law, the non-movant did not use
diligence to effectuate service. Gant, 786 S.W.2d at 260; Zale, 520 S.W.2d at 891. Generally, the
exercise of due diligence in obtaining service of citation is a question of fact. See, e.g., Valdez v. Charles
Orsinger Buick Co., 715 S.W.2d 126, 127 (Tex. App.--Texarkana 1986, no writ). The issue can be
determined as a matter of law, however, if no valid excuse exists for the failure to serve process timely. 
Gant, 786 S.W.2d at 260; Rigo, 458 S.W.2d at 182. The two controlling factors which decide due
diligence are: (1) whether plaintiffs acted as ordinary prudent persons would act under the same
circumstances; and (2) whether plaintiffs acted diligently up until the time defendant was actually served. 
Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 535 (Tex. App.--Dallas 1987, no writ).

 Texas courts have consistently held that due diligence was lacking as a matter of law based
on unexplained lapses of time between filing of suit, issuance of citation and service. See, e.g., Rigo, 458
S.W.2d at 182 (approximately seventeen months between filing and service); Buie v. Couch, 126 S.W.2d
565, 567 (Tex. Civ. App.--Waco 1939, writ ref'd) (almost four months between filing and issuance of
citation and another month between issuance and service); Liles v. Phillips, 677 S.W.2d 802, 809 (Tex.
App.--Fort Worth 1984, writ ref'd n.r.e.) (two years and one month between filing and service); Williams
v. Houston-